# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENT R. DOTSON,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 15-311-FHS-KEW |
| **JERRY CHRISMAN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and petitioner's motion for a stay and abeyance. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, challenges his conviction in Okmulgee County District Court Case No. CF-2011-433 for Attempting to Elude a Police Officer, After Two or More Felonies.

The petition raises 18 grounds for relief, none of which were raised to the Oklahoma Court of Criminal Appeals in his direct appeal. *See Dotson v. State*, No. F-2013-801 (Okla. Crim. App. Aug. 13, 2014) (Dkt. 8-1). The respondent alleges, and petitioner agrees, that all of the grounds for relief in the petition are unexhausted.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*,

36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner has filed a motion for a stay and abeyance of this matter until he has exhausted his remedies in the state courts. He, however, has given no reasons for his failure to exhaust the claims before filing this habeas petition. Furthermore, according to the Oklahoma State Courts Network at http://www/oscn.net, he has not yet initiated a post-conviction action in the state district court. Because petitioner has not shown good cause for his failure to exhaust his habeas claims through an application for post-conviction relief, the court finds a stay and abeyance is not warranted. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**ACCORDINGLY,** petitioner's motion for a stay and abeyance (Dkt. 9) is DENIED, the respondent's motion to dismiss for failure to exhaust state court remedies (Dkt. 7) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE. Petitioner also is DENIED a certificate of appealability, because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**ENTERED** this 21st day of October, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma